1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10   GARY CASTERLOW-BEY,                    CASE NO. 3:17-cv-05834-RJB

11                Plaintiff,                ORDER ON MOTION TO
                                            DISMISS
12         v.

13   BARNES AND NOBLES.COM,

14                Defendant.

15

16         This matter comes before the Court on Defendant Barnes and Noble, Inc.'s ("Barnes and

17   Noble") Motion to Dismiss. Dkt. 10. Barnes and Noble, Inc. clarifies that is its proper name, not

18   "Barnes and Nobles.Com" as Plaintiff has styled the case. The Court has considered the motion

19   and the remainder of the record herein.

20         This case arises from the Defendant's alleged sale of Plaintiff's books. Dkt. 5.

21   Defendant now moves for dismissal of the claims asserted against it pursuant to Fed. R. Civ. P.

22   12. Dkt. 10. For the reasons provided below, the motion should be granted.

23              I.    **BACKGROUND FACTS AND PROCEDURAL HISTORY**

24         **A.  BACKGROUND FACTS**

On October 13, 2017, Plaintiff, at the time a prisoner in the Pierce County, Washington Jail, filed this case *pro se*, moved to proceed *in forma pauperis* ("IFP"), and provided a proposed complaint asserting that the Defendant infringed on the copyrights he has on his books and violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, ("RICO"). Dkts. 1 and 5. Plaintiff seeks several million dollars in damages. *Id.* This is one of several cases the Plaintiff has filed regarding his books. *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB; *Casterlow-Bey v. Amazon.com,* U.S. District Court for the Western District of Washington case number 17-5833; and *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871.

According to the Complaint in this case, Plaintiff authored three books: *Through the Eyes of a Gangster*, *Through the Eyes of a Gangster II*, and *Wildflower – An Urban Tale* that were "published through Trafford." Dkt. 5, at 1. He maintains that he owns the copyright to each book. *Id.* Plaintiff asserts that non-party Trafford Publishing Company ("Trafford") "has forged contract authorizing sale of all three . . . books." *Id.,* at 2. The Plaintiff alleges that he has no contract with Defendant Barnes and Noble to manufacture or distribute his books, but that since 2006, it has sold the books on its website. *Id.*, at 1. Plaintiff asserts that he was "never been paid any royalty payments" from Defendant Barnes and Noble. *Id.,* at 2. He asserts that "Trafford . . . and Barnes and Noble[] act in concert to market Casterlow-Bey national and internationally unlawfully without compensating him in the form of royalties. . . resulting in actual injury." *Id.*

## B.  PLAINTIFF'S OTHER CASES RELATED TO THE SALE OF HIS BOOKS

On June 14, 2017, Plaintiff, proceeding IFP, filed a breach of contract case against Trafford, who he alleges failed to pay him royalties on the three books that he wrote.  *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; Dkt. 7.  An Answer to the Complaint (Dkt. 28) was filed for Trafford, and the parties are engaging in discovery (Dkt. 46).

On August 30, 2017, Plaintiff filed another case against Defendants Amazon and Google asserting they committed copyright infringement when Plaintiff's books were sold on their website.  *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB, Dkt. 1-1.  On January 18, 2018, Defendants Amazon and Google's motions to dismiss pursuant to Fed. R. Civ. P. 12 were granted and the case was dismissed with prejudice.  *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB, Dkt. 27.

On August 30, 2017, Plaintiff filed a case against Ebay.com, asserting that Ebay.com committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books.  *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 1-1.  Plaintiff sought injunctive relief and several million dollars in damages in that case.  *Id*.  Ebay.com moved to dismiss the claims asserted against it, in part, based on Plaintiff's failure to show that his books are registered with the U.S. Copyright Office; the motion was granted and the case was dismissed with prejudice on January 8, 2018.  *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 25.

On October 13, 2017, (the same day the instant case was filed) Plaintiff also filed a case against Amazon.com, Google.com, Barnes and Nobles.com, eBay.com and Trafford, moved for

1  IFP, and provided a proposed complaint asserting that Defendants committed copyright

2  infringement, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §

3  1962, ("RICO"),  and committed fraud when they sold Plaintiff's books.  *Casterlow-Bey v.*

4  *Amazon.com,* U.S. District Court for the Western District of Washington case number 17-5833,

5  Dkts. 1 and 1-1.  Plaintiff seeks several million dollars in damages.  *Id.*  Motions to dismiss have

6  been granted in that case.  *Casterlow-Bey v. Amazon.com,* U.S. District Court for the Western

7  District of Washington case number 17-5833, Dkts. 27, and 29-32.

8       On October 25, 2017, Plaintiff filed *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court

9  for the Western District of Washington case number 17-5871, moved for IFP, and provided a

10  proposed complaint again asserting that Defendant "Barnes and Nobles" committed copyright

11  infringement, breached a contract, and committed fraud when it sold Plaintiff's books.

12  *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington

13  case number 17-5871, Dkts. 1 and 1-1.  Plaintiff again made reference to RICO violations.  *Id.*

14  Plaintiff sought injunctive relief and several million dollars in damages.  *Id.*  His motion for IFP

15  was denied because the case was duplicative of the other cases he had already filed.  *Casterlow-*

16  *Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case

17  number 17-5871, Dkt. 4.  After being given an opportunity to pay the filing fee if he wished to

18  continue with the case, the case was dismissed for failure to pay the filing fee.  *Casterlow-Bey v.*

19  *Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-

20  5871, Dkt. 5.

21       **C.  PROCEDURAL HISTORY**

22       Defendant Barnes and Noble now moves to dismiss the claims asserted against it.  Dkt.

23  10.  The Court issued a notice to Plaintiff, as a *pro se* litigant, regarding Defendant's motions to

24

dismiss under Fed. R. Civ. P. 12 (b), and discussed Plaintiff's obligations, if he intended to oppose the motion.  Dkt. 11.

The pending motion was filed on January 2, 2018.  Dkt. 10.  Due to Plaintiff being released from jail, he was granted two extensions of time to respond to the motion to dismiss. Dkts. 14 and 18.  Plaintiff's response was due March 12, 2018.  Dkt. 18.  Plaintiff did not respond.

## II.    DISCUSSION

### A.  MOTION TO DISMISS 12 (b)(1) STANDARD

A complaint must be dismissed under Fed. R. Civ. P.12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the

1  existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co.,*

2  *Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

3  **B.  COPYRIGHT INFRINGMENT AND SUBJECT MATTER JURISDICTION**

4  Under the Copyright Act, "no civil action for infringement of the copyright in any United

5  States work shall be instituted until preregistration or registration of the copyright claim has been

6  made in accordance with this title." 17 U.S.C. § 411(a). "A district court does not have subject

7  matter jurisdiction over an infringement claim until the Copyright Office grants the registration

8  application and issues a certificate of registration." *Corbis Corp., v. Amazon. com, In*c., 351

9  F.Supp.2d 1090, 1112, 77 U.S.P.Q.2d 1182 (W.D.Wash. 2004); *Safeair, Inc. v. Airtran Airways,*

10  *Inc.*, 09-5053RJB, 2009 WL 801754, at *2 (W.D. Wash. Mar. 25, 2009).

11  As the undersigned noted in orders dismissing two other cases, Plaintiff does not allege that

12  he has certificates of registration from the Copyright Office on any of his books in his complaint.

13  A review of the records of the U.S. Copyright Office shows that only one book, *Wildflower*, is

14  registered with the U.S. Copyright Office to Plaintiff Gary Casterlow-Bey; with the registration

15  number: TXu001644896; date: 07-31-2009.  Pursuant to Federal Rule of Evidence 201 (b)(2), a

16  "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be

17  accurately and readily determined from sources whose accuracy cannot reasonably be

18  questioned."  The "court may take judicial notice on its own" . . . but if the "court takes judicial

19  notice before notifying a party, the party, on request, is still entitled to be heard." Federal Rule of

20  Evidence 201 (c)(1) and (e).  "Judicial notice is appropriate for records and reports of

21  administrative bodies."  *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547

22  F.3d 943, 955 (9th Cir. 2008).

23

24

1    To the extent that Plaintiff makes a claim for copyright infringement against Defendant for

2    any book other than *Wildflower,* the claim should be dismissed for lack of subject matter

3    jurisdiction under Rule 12 (b)(1).  Moreover, this is the third time Plaintiff has been informed of

4    this burden, and he has again failed to provide evidence of certificates of registration.  Plaintiff

5    cannot simply rely on his own allegations to demonstrate that the Court has subject matter

6    jurisdiction. Plaintiff's claims for copyright infringement against the Defendant for *Through the*

7    *Eyes of a Gangster* and *Through the Eyes of a Gangster II* should be dismissed.

8    **C.  MOTION TO DISMISS 12 (b)(6) STANDARD**

9    Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable

10   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

11   *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

12   as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

13   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does

14   not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

15   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

16   elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

17   (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief

18   above the speculative level, on the assumption that all the allegations in the complaint are true

19   (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

20   to relief that is plausible on its face."  *Id*. at 547.

21   **D.  COPYRIGHT INFRINGMENT - FAILURE TO STATE A CLAIM**

22   Under the Copyright Act, copyright owners have the exclusive right to do or authorize the

23   following:

24

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publically;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1159 (9th Cir. 2007).

To the extent he makes one, Plaintiff's claim for copyright infringement against the Defendant should also be dismissed for failure to state a claim on which relief can be granted. Aside from failing to establish that he is a copyright holder for any book other than *Wildflower*, Plaintiff has failed to allege sufficient facts that the Defendant violated at least one of the rights granted under § 106.  He does not give any details – only non-specific allegations that the Defendants sold his books.

Further, "[i]t is well settled that the Copyright Act does not apply extraterritorially." *Los Angeles News Serv. C. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 990-91 (9th Cir. 1998).  To the extent Plaintiff asserts a copyright claim for violations outside the United States, his claim should also be dismissed.

E. **RICO – FAILURE TO STATE A CLAIM**

To state a claim for a civil RICO claim, a plaintiff allege that the defendant engaged in: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002)(*citing* 18 U.S.C. §§ 1962(c), 1964(c)).

Plaintiff's RICO claim should be dismissed for failure to state a claim. Plaintiff fails to identify any RICO predicate acts, but just incorporates his prior allegations. Such "shotgun" pleading is insufficient to plead a RICO claim. *See Graf v. Peoples*, 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008). Defendant's motions should be granted and the RICO claims dismissed.

F. **LEAVE TO AMEND AND CONCLUSION**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

At this stage, it is absolutely clear that no amendment can cure the defects in Plaintiff's Complaint. In two other cases, Plaintiff was notified of the deficiencies in the complaints (which are the same deficiencies here) and given leave to amend. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkts. 21 and 25; and *Casterlow-Bey v. Google.com, Inc.*, Western District of Washington case number 17-5686 RJB, Dkts. 25 and 27. He did not do so in either case, and so the cases were dismissed with prejudice. *Id.* Further, Plaintiff did not respond to the motion to dismiss in this case. Defendant filed separate replies each time the motion to dismiss was ripe for review. Dkts. 17 and 45. Plaintiff appears to have

abandoned his case.  Accordingly, Plaintiff should not be given leave to amend. The claims

should be dismissed with prejudice and the case closed.

### III.     ORDER

It is **ORDERED** that:

- Defendant Barnes and Noble, Inc.'s Motion to Dismiss (Dkt. 10) **IS GRANTED;**

- Plaintiff's claims **ARE DISMISSED WITH PREJUDICE**.

- This case **IS CLOSED**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party

appearing *pro se* at said party's last known address.

Dated this 19th day of March, 2018.

ROBERT J. BRYAN
United States District Judge